**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| EUGENE N. WILSON | ) | | |
| | ) | CASE NO.: | 1:92 CR 138 |
| | ) | | 1:12 CV 1468 |
| Petitioner, | ) | | |
| | ) | | |
| | ) | | |
| v. | ) | JUDGE DONALD C. NUGENT | |
| | ) | | |
| UNITED STATES OF AMERICA | ) | | |
| | ) | **MEMORANDUM OPINION** | |
| Respondent. | ) | | |

This matter comes before the Court upon Eugene N. Wilson's ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF # 146.)

**I.**

On July 15, 1992, Petitioner was tried and convicted by a jury on the following counts: one count of conspiracy to distribute cocaine and to possess with intent to distribute, in violation of 21 U.S.C. § 846; three counts of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1); two counts of carrying and using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c); one count of felon in possession of a firearm, in violation of 18

1

U.S.C. § 922(g); and one count of felon in possession of ammunition in violation of 18 U.S.C. § 922(g). Petitioner was sentenced to 562 months imprisonment, to be followed by six years of supervised release. Petitioner filed a direct appeal. The Sixth Circuit affirmed all of Petitioner's convictions, but remanded for resentencing on the two § 922(g) charges. On remand, those two charges were merged for one sentence and one special assessment was abated.

Five years later, Petitioner filed his first § 2255 petition. This petition was dismissed because it had been filed well beyond the one-year statute of limitations. On appeal, the Sixth Circuit construed the notice of appeal as an application for a certificate of appealability, which the court denied. Petitioner then filed a series of three § 2255 petitions. The Sixth Circuit denied each of these petitions. Petitioner now files his fourth successive § 2255 petition, claiming that the Supreme Court in *DePierre v. United States*, 131 S. Ct. 2225 (2011) created a new substantive rule that de-criminalizes the behavior for which Petitioner was initially imprisoned, and that *DePierre* should apply retroactively to Petitioner's conviction.

**II.**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. A court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Griffin v. United States*, 330 F.3d 773, 736 (6th Cir. 2003) (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case,

conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

A second or successive motion for relief pursuant to 28 U.S.C. § 2255 must be certified by a circuit court to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

### III.

Petitioner claims in his Motion to Vacate, Set Aside or Correct Sentence that a new substantive rule was established by the Supreme Court in *DePierre* that should retroactively apply to his conviction. Specifically, Petitioner alleges that *DePierre* established the rule that a defendant cannot be convicted of an offense involving less than 5 grams of cocaine base, and as Petitioner's conviction involved only 3.638 grams of cocaine base, his conviction must be vacated.

First, Petitioner's claim fails procedurally. Petitioner has failed to petition the Sixth Circuit for authorization to file a successive § 2255 motion. As 28 U.S.C. § 2255(h) requires that a successive petition under § 2255 be certified by a circuit court, and this petition lacks such

certification, the petition should be dismissed.

Petitioner's claim fails substantively as well. Petitioner has not asserted any newly-discovered evidence to call his conviction into question, and his interpretation of *DePierre* is simply wrong. In *DePierre*, the Supreme Court addressed 21 U.S.C. § 841(b)(1), which establishes statutory minimum sentences for cocaine-related offenses based on both the amount and type of substance at issue. The court held that "cocaine base" as used in this subsection refers not just to crack cocaine, but to all cocaine in its base form. 131 S. Ct. at 2227–28. *DePierre* did not, however, impose a minimum requirement for the amount of a substance necessary for a defendant to be convicted under 21 U.S.C. § 841(a), as Petitioner alleges. In fact, the holding of *DePierre* has no effect on § 841(a), the subsection under which Petitioner was convicted. As *DePierre* is inapposite to Petitioner's conviction, Petitioner's motion does not meet the requirements set forth in 21 U.S.C. § 2255(h) for a successive filing. As such, Petitioner's Motion must be denied.

### IV.

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make a "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2253(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotation and citation omitted).  Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Id.* at 484.

For the reasons stated above, the Court concludes that no reasonable juror could debate whether Petitioner made a substantial showing that a newly-created constitutional law has been established that should retroactively apply to his conviction.  Accordingly, the Court declines to issue a certificate of appealability.

## V.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion.  For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, (ECF #146), is DENIED.

Furthermore, the Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253;  Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                                                               s/Donald C. Nugent  
                                                                DONALD C. NUGENT  
                                                                United States District Judge

DATED: August 2, 2012