UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:92 CR 138 |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| EUGENE WILSON, ) | MEMORANDUM OPINION AND ORDER |
| Defendant. ) | |

This matter comes before the Court upon Defendant, Eugene Wilson's Motion to Reduce Sentence Under Section 404 of the First Step Act of 2018. (ECF # 168). The government filed a Response in Opposition to the motion, and Defendant filed a Reply. (ECF #170, 171). The matter is now ready for consideration.

In September of 1992, following a jury trial, Mr. Wilson was sentenced to a total of 562 months broken out as follows: 262 months on Counts 1, 3, 4, 5, 6, 8, and 9, to run consecutive with 60 months on Count 7, to run consecutive with 240 months on Count 10. The 262 month sentence included Counts for conspiracy to possess with intent to distribute crack cocaine, and counts of possession with intent to distribute crack cocaine. The total amount of crack cocaine at issue was 4.188 grams. Mr. Wilson had a prior felony drug conviction.

On December 21, 2018, the First Step Act of 2018 was signed into law. Section 404 of the Act provides that a court that imposed a sentence for a covered offense may, on motion of the

defendant. . . impose a reduced sentence as if sections two and three of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. Reductions are not mandatory, but are left to the discretion of the sentencing judge. See, Pub. L. No. 115-391, Title IV, § 404, Dec. 21, 2018. The Sixth Circuit has held that a "covered offense" under the First Step Act is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. *United States v. Willis*, 2020 U.S. App. ELXIS 4244, *4 (6th Cir, Feb. 11, 2020); *see also United States v. Beamus*, 2019 U.S. App. LEXIS 34650 (6th Cir. 2019)(stating the defendant "is eligible for resentencing because, and only because, the Fair Sentencing Act modified the statutory range for his offense.").

At the time of his sentencing, 21 U.S.C. §841(b)(1)(C) provided that the statutory sentencing range for an offense involving less than 5 grams of crack cocaine, committed by a defendant with a prior felony drug conviction, was zero to thirty years. The Fair Sentencing Act did not change the statutory penalties set forth in this section. The statutory sentencing range for an offense involving less than 5 grams of crack cocaine, committed by a defendant with a prior felony drug conviction, remains zero to thirty years. Therefore, Mr. Wilson did not commit a "covered offense" within the meaning of the First Step Act, and he is not entitled to relief. The fact that the amount of drugs that triggers application of this sentencing range expanded has no impact on Mr. Wilson's case because the statutory penalties for the violation he committed, conspiring/possessing with intent to distribute less than 5 grams of crack cocaine, were not modified. *See, United States v. Willis*, at *5.

For the above reasons, this Court DENIES Mr. Wilson's petition for relief. (#168 ). All aspects of his original sentence remain intact. IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: _March 13, 2020_